ARMSTRONG *v*. GULF & S. I. R. Co.

[76 South. 624.  Division B.]

MASTER AND SERVANT. *Action for injury. Question for jury. Negligence and contributory negligence. Instructions.*

Where a carpenter working under the control and direction of a foreman, repairing bridges for defendant railroad company was returning from his work as usual on a motor car run by his foreman and while the motor car was running at a speed of some thirty-five miles an hour some one on the car gave the alarm that the car was approaching an open switch whereupon plaintiff and two others jumped off the car. and was badly injured. In such case whether or not the motor car was being run at an excessive and negligent rate of speed under the circumstances, and if so, did the plaintiff have reason to believe and did believe that he was in great danger when he jumped from the car were questions which should have been submitted to the jury and a peremptory instruction for defendant should not have been given even though the motor car in fact entered the open switch safely.

APPEAL from the circuit court of Rankin county.

HON. J. D. CARR, Judge.

Suit by L. R. Armstrong against the Gulf and Ship Island Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*S. L. McLaurin* and *Hilton & Hilton,* for appellant.

*Mayes, Wells, May & Sanders,* for appellee.

COOK, P. J., delivered the opinion of the court.

The appellant sued the appellee railroad company for injuries resulting to him by the alleged negligent operation of a motor car. At the conclusion of the testimony offered by both sides to the controversy, the learned circuit judge, at the request of appellee, defendant below, peremptorily instructed the jury to return a verdict for the defendant. The jury returned the verdict they were directed to return, and from the judgment on the verdict the plaintiff appeals to this court.

The facts disclosed by the record, briefly summarized, are as follows: The plaintiff was a carpenter, and belonged to a crew working under the control and direction of a foreman, repairing bridges of the appellee. This crew was transported to and from its work on a motor car weighing something like one thousand two hundred pounds. The motive power of the car was gasoline, and the car was operated by the foreman. Camp cars, for the feeding and housing of the crew, were located at Jackson. On the day the plaintiff was injured, the crew, aboard the motor car, were returning to Jackson from some point south of Jackson. The car was running about thirty-five miles per hour, according to evidence offered by plaintiff, when some one on the car discovered that they were approaching an open switch and gave the alarm, whereupon plaintiff and two others of the crew jumped off the car and plaintiff

was seriously injured. The car passed through the switch safely, and, had the plaintiff remained on the car, he would not have been injured.

The appellant, plaintiff below, contends that it was negligence to run the motor car through the open switch at the rate of speed it was going; that the danger to the life and limb of plaintiff was reasonably apparent to any prudent person situated as he was, and, being confronted with this danger, he jumped to save his life. We think the evidence amply supported the theory of plaintiff, and, this being true, the court erred in its instruction to the jury. The evidence introduced by plaintiff tended to prove that, even though they had passed safely over the frog of the switch, the situation indicated that they would be wrecked when they reached the "derail" some distance further north. The defendant introduced witnesses to prove, and did prove, if believed, that there was no danger at all; that the plaintiff jumped when there was no danger, real or apparent; that the motor car was being operated with due care, and, in a word, plaintiff, at best, was the victim of his causeless timidity. So, in our opinion, the conflicting evidence presented the issue as to whether or not the motor car was being run at an excessive and negligent rate of speed under the circumstances and, if so, did the plaintiff have reason to believe, and did he believe, that he was in great danger when he jumped from the car?

*Reversed ond remanded.*